# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TIMOTHY FEAR, | Case No.: 17-CV-2123-JLS (AGS) |
| --- | --- |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| RAYTHEL FISHER, Warden, | |
| Respondent. | (ECF No. 8) |

In October 2017, Petitioner Timothy Fear filed a Petition for Writ of Habeas Corpus, ("Petition," ECF No. 1). This is Petitioner's second writ of habeas corpus. Petitioner's first petition was dismissed as untimely and procedurally defaulted. Respondent has moved to dismiss this Petition because Petitioner failed to get permission to file a second petition from the court of appeals, ("MTD," ECF No. 8).[1] Because this Court lacks jurisdiction over subsequent or successive petitions unless a petitioner receives permission from the Ninth Circuit, Petitioner's petition must be dismissed.

## BACKGROUND

In 2011, Petitioner filed his first federal habeas petition pursuant to 28 U.S.C. § 2254.

---

[1] Petitioner filed two requests for an extension of time to file a response to the Motion to Dismiss, (ECF Nos. 10, 12). Magistrate Judge Schopler granted Petitioner's first request, (ECF No. 11). Petitioner then filed a response, (ECF No. 13). Petitioner's second request, (ECF No. 12), is **DENIED AS MOOT**.

1

In it, he challenged a 1996 California Superior Court judgment, which sentenced him to a prison term of thirty years to life. (*See Fear v. Singh*, 11-cv-1444-JAH-MDD (S.D. Cal. June 23, 2011), ECF No. 1, at 13.)[2] In particular, he challenged his designation as a "three-strike" offender because the court relied on multiple felony convictions arising from a Florida case. (*Id.* at 2.)

In dismissing the 2011 petition, Judge Houston concluded that it was untimely and procedurally defaulted because the California Supreme Court dismissed the same issue "pursuant to an independent and adequate state procedural ground." (*Fear v. Singh*, 11-cv-1444-JAH-MDD (S.D. Cal. Mar. 11, 2013), ECF No. 35, at 6.) Both Judge Houston and the Ninth Circuit denied Petitioner's request for a certificate of appealability. (*See id.* at 8; *Fear v. Singh*, No. 13-55680, slip op. at 1 (9th Cir. 2014).)

In late 2017, Petitioner filed the present § 2254 habeas petition—his second, again challenging the 1996 conviction due to the California court's reliance on the Florida convictions. (*See* Petition 2.) Respondent has moved to dismiss that petition, arguing that it runs afoul of 28 U.S.C. § 2244(b)'s bar on "second or successive" habeas petitions.

## LEGAL STANDARD

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). There are exceptions to that rule, *see* 28 U.S.C. § 2244(b)(2), but "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). Where a petitioner files a second petition without following section 2244's procedures for receiving authorization from the Ninth Circuit, this Court is "without jurisdiction to entertain it." *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

/ / /

---

[2] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

# ANALYSIS

There is no evidence that the Ninth Circuit gave Petitioner permission to file his 2017 petition.

## I. Motion to Dismiss

In his response to the Motion to Dismiss, Petitioner argues that the 2017 petition is "timely." (ECF No. 13, at 1.) He argues that an April 1999 California Superior Court order "tolls [his] time" to file a habeas petition "with the Federal Court." (*Id.* at 2.) But, this argument fails for two reasons. First, it is just a veiled request to reconsider the timeliness ruling on the 2011 petition. That issue was fully adjudicated, unsuccessfully appealed to the Ninth Circuit, and Petitioner points to no authority that this Court may revisit that issue on its merits. *See Hawkins v. Risley*, 984 F.2d 321, 325 (9th Cir. 1993) (noting that "[u]nder federal law, the denial of [Petitioner's] habeas petition was a final judgment" for the purposes of res judicata).

But second, and more importantly, it misses the point. Respondent has not moved to dismiss this Petition as untimely, but instead as a successive Petition filed without the permission of the Ninth Circuit. Petitioner does not dispute that (1) he filed the 2011 petition, (2) it was dismissed as untimely and procedurally defaulted, and (3) he did not he receive permission from the Ninth Circuit to file a second petition. Although "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in the prior petition, "the dismissal of a habeas petition as untimely constitutes a disposition on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Similarly, "the dismissal of a first petition with prejudice because of a procedural default . . . constitutes a disposition on the merits and renders a subsequent petition second or successive for the purposes of 28 U.S.C. § 2244(b)." *Id.* (citation omitted). Because Petitioner's 2011 petition was dismissed on the merits, Petitioner is barred from bringing another petition until he gets permission from the Ninth Circuit. *See id.* Until then, this Court lacks jurisdiction to consider the instant petition. *See Burton*, 549 U.S. at 157.

## II. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Neither is the case here, and the Court declines to issue a certificate of appealability.

## CONCLUSION

Because this Court lacks jurisdiction to consider Petitioner's successive Petition, Respondent's Motion to Dismiss, (ECF No. 8), is **GRANTED** and Petitioner's Petition is **DENIED**. The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: June 21, 2018

Hon. Janis L. Sammartino
United States District Judge